[Cite as *Identitek Solutions v. RLD Relocation & Logistics*, 2026-Ohio-1731.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
STARK COUNTY, OHIO

| | |
|---|---|
| IDENTITEK SOLUTIONS, | Case No. 2025CA00094 |
| Plaintiff - Appellee | Opinion And Judgment Entry |
| -vs- | Appeal from the Massillon Municipal Court, Case No. 2024 CV 103375 |
| RLD RELOCATION AND LOGISTICS, et al., | Judgment: Affirmed |
| Defendants - Appellants | Date of Judgment Entry: May 11, 2026 |

**BEFORE:** Andrew J. King; Craig R. Baldwin; William B. Hoffman, Judges

**APPEARANCES:** MARY E. ULM, for Plaintiff-Appellee; SPENCER B. GERAGHTY, for Defendants-Appellants.

*Baldwin, P.J.*

{¶1} The appellants, RLD Relocation and Logistics ("RLD") and John DiMariangeli, appeal the July 8, 2025, judgment entry of the Massillon Municipal Court overruling the appellant's objections and entering judgment in favor of the appellee, Identitek Solutions.

**STATEMENT OF FACTS AND THE CASE**

{¶2} The appellee filed a small-claims complaint in the Massillon Municipal Court seeking damages arising from a dispute over a business sign to be manufactured for RLD Relocation and Logistics.

{¶3} The matter proceeded to a hearing before a magistrate on February 4, 2025. The appellants moved to dismiss John DiMariangeli individually, arguing the dealings at

issue were undertaken on behalf of RLD. The magistrate granted the motion and ordered the matter to proceed against RLD only.

{¶4} The evidence before the magistrate showed that RLD contacted the appellee around May of 2024 regarding signage for RLD's commercial property. The appellee provided an initial quote, dated May 7, 2024, in the amount of $9,455.00 for the manufacture and installation of a sign without LED lighting. The quote bore DiMariangeli's signature dated June 5, 2024. The appellee later provided a second quote in the amount of $10,308.00 for the manufacture and installation of a sign with LED lighting. The appellee presented evidence that RLD approved the second quote by email on August 8, 2024.

{¶5} The appellee further presented evidence of artist renderings for the proposed sign bearing DiMariangeli's signature, as well as evidence that the city approved the sign permit at its August 21, 2024, meeting. RLD had paid $4,727.50 toward the project. The magistrate found the appellee sought the unpaid remainder of the invoice, less the installation charge, after the appellee declined to install the sign due to interactions between the parties.

{¶6} RLD disputed that the sign manufactured by the appellee was the sign it ordered. DiMariangeli testified concerning communications with the appellee's representative, Sue Sanford, and maintained that RLD had raised concerns about the size and design before the sign was completed. RLD argued that the sign was not the agreed product and that later communications had modified the project.

{¶7} The magistrate found that RLD began expressing concern about the size of the sign on or about August 16, 2024, and requested that the sign be smaller than originally agreed. The magistrate further found that, at the time of the request, the

appellee had already manufactured the sign but had not installed it. The magistrate found that no evidence was presented at trial of a later agreement for a smaller sign, and recommended judgment in favor of the appellee in the amount of $2,555.27, plus interest and costs.

{¶8} RLD filed objections to the magistrate's decision. On July 8, 2025, the trial court overruled the objections. The trial court stated it had reviewed the objections, further reviewed the facts, made an independent analysis, and found the magistrate's decision was neither an abuse of discretion nor contrary to law. The trial court adopted the magistrate's recommendation as the court's order.

{¶9} The appellants filed a timely notice of appeal and raised the following assignments of error:

{¶10} "I. THE TRIAL COURT MADE AN ERROR OF LAW AS TO ALLOWING THE MATTER TO PROCEED GIVEN THE SMALL CLAIMS HEARING WAS VIOLATIVE OF R.C. 1925.17 REQUIRING CORPORATIONS AS PARTIES TO SMALL CLAIMS ACTIONS REQUIRE REPRESENTATION BY AN ATTORNEY IN SAID ACTIONS."

{¶11} "II. THE TRIAL COURT ERRED BY ENTERING JUDGMENT AGAINST DEFENDANT APPELLANT DIMARIANGELI PERSONALLY, CONTRARY TO THE COURT ORDER DISMISSING DEFENDANT APPELLANT DIMARIANGELI, IN HIS PERSONAL CAPACITY, FROM THE CASE."

{¶12} "III. THE TRIAL COURT ABUSED ITS DISCRETION IN ENTERING JUDGMENT AGAINST DEFENDANT APPELLANTS IN LIGHT OF THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED BY DEFENDANT APPELLANTS."

# I.

{¶13} In their first assignment of error, the appellants argue that the trial court erred in permitting the appellee, a corporate party, to proceed in small-claims court through a non-attorney representative. The appellants maintain that the appellee's representative engaged in advocacy or argument prohibited by R.C. 1925.17.

## STANDARD OF REVIEW

{¶14} The appellants' first assignment of error challenges whether the appellee's non-attorney corporate representative exceeded the limited role permitted by R.C. 1925.17 during the small-claims hearing. In the context of mixed questions of law and fact, an appellate court accepts factual findings supported by competent, credible evidence, but reviews the trial court's application of the law to those facts de novo. *MJK Recycling, LLC v. Republic Servs.*, 2026-Ohio-624, ¶12 (5th Dist.). Accordingly, we review the record to determine whether the appellee's representative merely filed and presented the appellee's claim, as permitted by R.C. 1925.17, or instead engaged in cross-examination, argument, or other acts of advocacy prohibited by the statute.

## ANALYSIS

{¶15} The appellants argue that the trial court erred in permitting the appellee, a corporate party, to proceed in small-claims court through a non-attorney representative. The appellants contend that the representative did more than merely present the appellee's claim and engaged in prohibited advocacy or argument under R.C. 1925.17.

{¶16} R.C. 1925.17 provides:

> A corporation which is a real party in interest in any action in a small claims division may commence such an action and appear therein through an attorney at law. Such a corporation may, through any bona fide officer or salaried employee, file and present its claim or defense in any action in a small claims division arising from a claim based on a contract to which the

corporation is an original party or any other claim to which the corporation is an original claimant, provided such corporation does not, in the absence of representation by an attorney at law, engage in cross-examination, argument, or other acts of advocacy.

**{¶17}** The Supreme Court of Ohio has recognized the limited authority of a corporate representative to appear in small-claims court pursuant to R.C. 1925.17. *Cleveland Bar Assn. v. Pearlman*, 2005-Ohio-4107. The statute reflects a balance: a corporation may present its own contract-based small-claims matter through a bona fide officer or salaried employee, but the representative may not perform the functions of counsel.

**{¶18}** Upon review of the entire record, we find that the appellee's representative's participation consisted of identifying the transaction, presenting the appellee's documents, and testifying concerning the quote, artwork, approval process, down payment, manufacture of the sign, and remaining balance claimed to be due. The appellants have not identified any portion of the record in which the appellee's representative cited law, engaged in cross-examination, objected to the presentation of evidence, or otherwise advocated in a manner requiring representation by an attorney. The conduct by the appellee's representative fell within the category of presenting the corporation's factual claim, rather than engaging in cross-examination, argument, or other acts of advocacy.

**{¶19}** Accordingly, the trial court did not err in allowing the small-claims hearing to proceed with the appellee appearing through its non-attorney corporate representative.

**{¶20}** The appellant's first assignment of error is overruled.

## II.

{¶21} In their second assignment of error, the appellants argue that the trial court impermissibly imposed judgment upon John DiMariangeli in his individual capacity after dismissing him from the case. We disagree.

{¶22} The magistrate expressly granted the appellants' motion to dismiss John DiMariangeli individually. The trial court's July 8, 2025, judgment entry expressly stated that the matter would proceed against RLD as the defendant. The judgment entry referenced by the appellant imposes judgment on the "Defendant," RLD. Accordingly, we find that the trial court did not impose personal liability on John DiMariangeli, as he had been previously dismissed in his personal capacity.

{¶23} The appellant's second assignment of error is overruled.

## III.

{¶24} In their third assignment of error, the appellants argue that the trial court's judgment is against the manifest weight of the evidence. We disagree.

### STANDARD OF REVIEW

{¶25} "In weighing the evidence, the court of appeals must always be mindful of the presumption in favor of the finder of fact." *State v. Butler*, 2024-Ohio-4651, ¶75 (5th Dist.). A judgment supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as against the manifest weight of the evidence. *C.E. Morris Co. v. Fole Const. Co.*, 54 Ohio St.2d 279 (1978). As the trier of fact, the judge is in the best position to view the witnesses and their demeanor in making a determination of the credibility of the testimony. "[A]n appellate court may not simply substitute its judgment for that of the trial court so long as there is

some competent, credible evidence to support the lower court's findings." *State ex rel. Celebrezze v. Environmental Enterprises, Inc.*, 53 Ohio St.3d 147 (1990). "The power to reverse a judgment as against the manifest weight must be exercised with caution and only in the rare case where the evidence weighs heavily against" the fact finder's determination. *State v. Blankenship*, 2023-Ohio-2162, ¶25 (5th Dist.).

**ANALYSIS**

**{¶26}** The evidence presented before the trial court included the signed June 5, 2024, quote, the later quote for an illuminated sign, evidence of email approval on August 8, 2024, signed artwork, permit approval from the City of Green, and evidence of RLD's partial payment. The record shows that the RLD contracted for a four-foot-by-eight-foot sign, the appellee manufactured the sign, and that the unpaid balance, after crediting the installation charge, was $2,555.27.

**{¶27}** Although the appellants presented testimony that the communications between the parties were more complicated than reflected in the appellee's documents, the magistrate was not required to accept the appellants' interpretation of those communications. The magistrate found that RLD began expressing its concerns with the sign after the parties had proceeded with the approved quote and artwork. Therefore, we find that the record contains competent, credible evidence supporting the finding that the appellee manufactured the sign RLD approved and that RLD failed to pay the remaining balance due.

**{¶28}** The appellants' third assignment of error is overruled.

**CONCLUSION**

{¶29} For the foregoing reasons, the judgment of the Massillon Municipal Court is affirmed.

{¶30} Costs to the appellants.

By: Baldwin, P.J.

King, J. and

Hoffman, J. concur.